IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **KIANA MARSHALL,** | * | |
| *Plaintiff* | * | |
| v. | * | Civil Case No.: RWT-12-3109 |
| **CAPITAL VIEW MUTUAL HOMES** and **JEFFREY CHARLES & ASSOCIATES, INC.** | * | |
| *Defendants* | * | |

## MEMORANDUM OPINION

Plaintiff Kiana Marshall, a *pro se* litigant, initiated this lawsuit against her former employers, Defendants Capital View Mutual Homes and Jeffery Charles & Associates, Inc. in October of 2012. Plaintiff alleged sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981. ECF No. 1. On December 20, 2012, Defendants filed joint motions to dismiss for failure to state a claim. ECF Nos. 6, 7. On February 25, 2013, Plaintiff moved for leave to file a surreply. ECF No. 10. For the reasons discussed below, the Defendants' Motions to Dismiss will be granted, and Plaintiff's Motion for Leave to File a Surreply will be denied.

## FACTS

On January 7, 2010, Plaintiff was terminated from her employment with Defendants Capital View Mutual Homes and Jeffery Charles & Associates, Inc. ECF No. 1 at 2. Plaintiff was employed by Defendants for approximately one-and-a-half years. *Id.* During the first seven months of Plaintiff's employment, she was a temporary employee. *Id.* Plaintiff alleges that Mr.

Joya, another employee who was apparently subordinate to Plaintiff,[1] called Plaintiff a "dumb black bitch[]." *Id.* at 3. Plaintiff asserts that she complained to her supervisor and the board of directors. *Id.* Plaintiff alleges that she was subsequently "untimely fired for not following policies while being verbally abused by a man who thought less of [her] as a woman." *Id.*

According to Plaintiff, the alleged harassment occurred between March of 2009 and January of 2010. *Id.* Plaintiff alleges that she filed a charge with the Maryland Human Relations Commission on December 17, 2009. *Id.* On the complaint form that Plaintiff filed with this Court, Plaintiff alleged only sex discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and sex discrimination in violation of "Section 1981," 42 U.S.C. § 1981. *See id.* at 1-2 ("The conduct of Defendant(s) was discriminatory because it was based on (check all that apply): sex).

On December 20, 2012, Defendants jointly filed Motions to Dismiss. ECF Nos. 6, 7. Defendants assert that Plaintiff failed to state a claim, arguing that she has not pleaded sufficient facts to establish that she met the procedural requirements necessary to bring a sex discrimination claim under Title VII. ECF No. 6-1 at 3-4. On January 14, 2013, Plaintiff filed a Response, asserting that she intended to file her complaint under the "Prince George's County code" and not Title VII.[2] ECF No. 8. On January 31, 2013, Defendants filed a Reply, asserting that a claim under the Prince George's County code woul also fail because Plaintiff did not meet the procedural requirements. ECF No. 9. On February 25, 2013, Plaintiff filed a Motion for

---

[1] Plaintiff states that she suspended Mr. Joya, which would imply that Mr. Joya was a subordinate to Plaintiff. ECF No. 1 at 3.

[2] Notably, Plaintiff does not assert that this Court would have diversity jurisdiction if this was in fact her only intended claim. There might be diversity because Plaintiff is a resident of the District of Columbia, Defendants' principal place of business is in Maryland, and the amount in controversy is two million dollars. However, in her Motion for Leave to File a Surreply, Plaintiff asserts that her complaint also falls under 42 U.S.C. § 1981, allowing for federal question jurisdiction.

2

Leave to File a Surreply, requesting that the Court allow her to address the § 1981 claim. ECF No. 10.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id*. at 679; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "'Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

**DISCUSSION**

**I.     Title VII Claim**

Title VII applies only to employers who have fifteen or more employees. *See* 42 U.S.C. § 2000e(b). Plaintiff states that Defendant Capital View Mutual Homes employs less than fifteen employees. ECF No. 8 at 1. Plaintiff never alleges any facts suggesting that Defendant Jeffery Charles & Associates, Inc. employs fifteen or more employees. In fact, Plaintiff alleges that one "Defendant" only employs five employees. *See* ECF No. 1 at 3. Thus, although the exact number of employees working for each defendant is unclear, Plaintiff certainly has failed to allege facts to support a finding that Defendant Jeffery Charles & Associates, Inc. employs fifteen or more employees. Therefore, as Plaintiff herself concedes, this claim must be dismissed. *See* ECF No. 8 at 1.

**II.    Prince George's County Code Claim**

Defendants assert that Plaintiff failed to establish the procedural requirements necessary to bring a discrimination claim under the Prince George's County code. ECF No. 9. Such an action must be filed within two years of the alleged discrimination. Md. Code Ann., State Gov't § 20-1202(c)(1). The last alleged discriminatory act, assuming that the discharge was discriminatory, occurred on January 7, 2010. ECF No. 1 at 3. Plaintiff filed the present action approximately two years and nine months later. *See id.* Thus, any claim under the Prince George's County code must be dismissed as time-barred.

**III.   Surreply**

Plaintiff requests leave to file a surreply in support of a potential claim under 42 U.S.C. § 1981. ECF No. 10. Plaintiff states that due to her confusion and lack of legal expertise, she neglected to support this claim in her Response. *Id.* Surreplies are allowed only pursuant to a court order. D. Md. Ct. Local R. 105.2(a). While a district court has the discretion to grant a

surreply, surreplies are generally disfavored. *Chubb & Son v. C.C. Complete Services, LLC*, __ F. Supp. 2d___, 2013 WL 336718, at *9 (D. Md. Jan. 23, 2013). Surreplies are permissible "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). *aff'd* 85 F. App'x 960 (4th Cir. 2004). A motion for leave to file a surreply may be denied when the matter addressed in the reply is not new. *F.D.I.C. v. Cashion*, ___ F.3d ___, No. 12-1588, 2013 WL 3037269, at *5 (4th Cir. June 19, 2013).

Here, Defendants did not raise a new issue in their Reply. Rather, Defendants questioned whether Plaintiff actually intended to bring a § 1981 claim in their Motion to Dismiss.[3] Thus, Plaintiff was on notice that Defendants disregarded Plaintiff's § 1981 claim, and yet she failed to address this matter in her Response. *See* ECF No. 8. Plaintiff is attempting instead to assert and support a § 1981 claim for the first time in a surreply, when Defendants would have no opportunity to respond. ECF No. 10.

Moroever, even if Plaintiff's complaint were construed as including a claim under § 1981, it still would not state a claim upon which relief could be granted. Plaintiff's complaint clearly is based *only* on a claim of sex-related discriminatory conduct, and § 1981 can only be used as a vehicle for asserting a claim based on race-related discriminatory conduct. *See Anjelino v. New York Times Co.*, 200 F.3d 73, 97-98 (3rd Cir. 1999) (affirming the dismissal of the sex discrimination claims brought by Hispanic women under § 1981); *Jones v. Bechtel*, 788 F.2d 571, 574 (9th Cir. 1986) ("It is clear that section 1981 does not provide a cause of action based on sex discrimination").

---

[3] Defendants stated in their Motion to Dismiss that "[a]lthough Plaintiff apparently added by hand the phrase 'Section 1981' … the Complaint states only that Plaintiff is claiming sex discrimination." ECF No. 6-1 at 3 n.2.

While the Court is more lenient with *pro se* litigants,[4] the Court "cannot carve out a categorical *pro se* exception" to the surreply standards. *See Depaz v. Home Loan Servs., Inc.*, No. 10-CV-03062-AW, 2011 WL 1630323, at *3 (D. Md. Apr. 28, 2011) (holding that the court could not make an exception for a *pro se* litigant related to claim preclusion). Because Defendants raise no newly contested matter in their reply, Plaintiff's Motion to File a Surreply shall be denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss [ECF Nos. 6 & 7] shall be granted, and Plaintiff's Motion for Leave to File a Surreply [ECF No. 10] shall be denied.

A separate Order follows.

Date: July 2, 2013                                     /s/
                                              ROGER W. TITUS
                                       UNITED STATES DISTRICT JUDGE

---

[4] Notably, this is not Plaintiff's first *pro se* employment discrimination suit. This Court recently dismissed a suit brought by Ms. Marshall pursuant to the Age Discrimination in Employment Act against another prior employer. *See Marshall v. Aimco Property Management Company*, No. 10-cv-3587 (D. Md. June 26, 2013)

6